NO. 07-08-0308-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 16, 2009
_____

MARK ANTHONY TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16410-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Mark Anthony Taylor, appeals from his conviction for aggravated assault and sentence, pronounced on July 1, 2008, of nine years incarceration in the Texas Department of Criminal Justice, Institutional Division, and $500 fine. Appellant filed notice of appeal on July 14, 2008. Appellant then filed a motion for new trial on July 25, 2008, which was overruled by operation of law. The appellate record was due by October 29, 2008. See TEX. R. APP. P. 35.2(b). The clerk's record was received and filed on October 30, 2008. Because it appeared that prior appellate counsel may have abandoned this

appeal, the cause was abated and remanded to the trial court by order of this Court on April 24, 2009. As a result of this abatement and remand, the trial court impliedly found that prior counsel had abandoned the appeal and appointed John Bennett to represent appellant in this appeal. By letter, dated July 6, 2009, this Court vacated its prior letter ruling that the appeal would be decided without a reporter's record and set the deadline for the filing of the reporter's record as August 6, 2009. By letter of August 27, 2009, this Court advised the reporter that the appellate record was late and directed the reporter to advise the Court of the status of the appellate record on or before September 8, 2009. As of this date, the court reporter has failed to comply with the directive of this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. See TEX. R. APP. P. 35.3(c). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant still desires to pursue his appeal;

2. if appellant does wish to continue his appeal, whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at

2

the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the clerk of this court on or before October 14, 2009. Should further time be needed by the trial court to perform these tasks, same must be requested before October 14, 2009.

It is so ordered.

Per Curiam

Do not publish.